In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2334

United States of America,

Plaintiff-Appellee,

v.

Terrance L. Davis,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 3:98CR30075--Jeanne E. Scott, Judge.

Argued November 17, 1999--Decided January 5, 2000

  Before Eschbach, Easterbrook, and Rovner, Circuit
Judges.

  Easterbrook, Circuit Judge.  As part of his guilty
plea to being a felon in possession of a firearm,
see 18 U.S.C. sec.922(g)(1), Terrance Davis
reserved the right to appeal from the denial of
his motion to suppress the weapon. See Fed. R.
Crim. P. 11(a)(2). Davis was the passenger in a
car that had been stopped to investigate the
possibility that the auto had been stolen. When
asked to get out of the car, Davis refused; his
eventual removal revealed two weapons. If the
stop was proper, then the officers had every
right to demand that Davis get out. Maryland v.
Wilson, 519 U.S. 408, 414-15 (1997); see also
Pennsylvania v. Mimms, 434 U.S. 106 (1977). Thus
the appeal turns on the question whether
reasonable suspicion supported the investigatory
stop. The less the intrusion, the less suspicion
is required to make the process "reasonable," see
United States v. Chaidez, 919 F.2d 1193, 1197-98
(7th Cir. 1990), and this would have been an
unintrusive stop had not the driver made such a
ruckus that he had to be handcuffed and the
passengers asked to emerge to assure the
officers' safety.

  According to the stipulated facts, Officer
Carpenter of the Springfield, Illinois, police
had been assigned to investigate the theft of a
gold Saturn by the owner's 16-year-old son. When

Carpenter saw a gold Saturn being driven in Springfield by a young man of the same race as the thief he became intrigued. Some 6,000 gold Saturns have been sold in Illinois in recent years, so even though Springfield has less than a hundredth of the state's population there are bound to be gold Saturns on the streets, some of them driven by young black men. But Carpenter saw something extra, something that raised legitimate suspicions: this gold Saturn lacked a license plate. Changing license plates is a car thief's standard precaution. Although the car had a temporary sticker, of the kind the state issues while an application for a new license plate is pending, the sticker itself was unusual. Illinois issues self-adhesive stickers that are applied to the inside of the rear window. Yet this sticker was torn and held in place with masking tape. Perhaps it had been removed from the car for which it had been issued and transferred to the gold Saturn, an improper step to which a thief might resort in order to conceal the absence of good title (which is essential to obtain a legitimate sticker or license plate). Moreover, when Carpenter began to follow the Saturn, the driver and passengers behaved in a manner that the district court characterized as "furtive": the driver changed lanes multiple times, and the passengers stared back at the patrol car. So Carpenter stopped the Saturn, which led to the discovery of the guns. Cf. United States v. Tipton, 3 F.3d 1119 (7th Cir. 1993) (stop proper where temporary sticker was hard to read). It turned out that the driver was 20 rather than 16 years old and that the car had not been stolen. But this does not undercut the reasonableness of the suspicion that led to the stop. Had everything been on the up and up, the driver and his passengers soon would have been back on the road. But the occupants knew that they had something to hide and ended up giving their secret away.

Suppose residents of Springfield owned about a hundred gold Saturns in May 1998, when this stop occurred. Any given gold Saturn driven by a young man thus was more likely than not to have been in the hands of its owner (or an authorized driver). Compare Michael O. Finkelstein & William B. Fairley, A Bayesian Approach to Identification Evidence, 83 Harv. L. Rev. 489 (1970), with Laurence H. Tribe, Trial by Mathematics: Precision and Ritual in the Legal Process, 84 Harv. L. Rev. 1329 (1971). See also Symposium, Probability and Inference in the Law of Evidence, 66 B.U. L. Rev. 377 (1986). Cf. Branion v. Gramly, 855 F.2d 1256 (7th Cir. 1988); Howard v. Wal-Mart Stores, Inc., 160 F.3d 358 (7th Cir. 1998). But this gold Saturn stuck out: its driver was the same race and from a distance appeared to

be the same age as the thief, and the lack of a license plate, plus the temporary sticker with signs of tampering and the furtive conduct, would have prompted suspicion in the mind of a reasonable officer. No more is necessary to stop a car in order to verify that it has not been stolen, and the events after the stop led directly to the discovery of the evidence. Carpenter acted with reasonable suspicion, so the conviction is

affirmed.