In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-2854

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

GREGORY KIRKSEY,

*Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04 CR 293—**Rudolph T. Randa**, *Chief Judge*.

———————

ARGUED FEBRUARY 22, 2007—DECIDED MAY 10, 2007

———————

Before CUDAHY, RIPPLE and WOOD, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Gregory Kirksey was charged with possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), after police stopped the car in which he was riding and discovered a handgun. Mr. Kirksey moved to suppress the gun on the ground that its discovery was the fruit of a prolonged detention that, given the basis for the stop, was unreasonable. The district court denied the motion, and Mr. Kirksey entered a conditional guilty plea allowing him to challenge the ruling on appeal. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

At the evidentiary hearing on Mr. Kirksey's motion, the Government proffered the testimony of the arresting officer, Joseph Roy of the Wauwatosa Police Department, and another officer, Timothy Kastner, who had provided backup during the stop. The district court credited their testimony in determining the following facts.

On October 7, 2003, at 2:00 a.m., Officer Roy was on patrol when he spotted a car with a temporary license plate in the back window. The writing on the plate appeared to be smudged or altered; Officer Roy therefore suspected that either the car or the plate had been stolen. He turned on his emergency lights and stopped the car.

Officer Roy approached the car and asked the driver and two passengers to identify themselves. The car's owner, who was seated in the back, produced identification; the driver also complied. However, the man seated in the front passenger seat did not produce identification; he simply said his name was "Gary White." While collecting this information, Officer Roy checked the vehicle identification number ("VIN") on the dash of the car. He compared it to the number on the temporary plate. The numbers matched, but closer inspection confirmed his earlier observation that the numbers on the temporary plate were smudged.

Officer Roy returned to his police cruiser to check the vehicle registration on his onboard computer and to verify that the rear-seat passenger actually was the car's owner. As he checked the registration on the computer, Officer Roy radioed the dispatcher to determine if any of the occupants had a criminal history or an outstanding warrant. Officer Roy established that the car was not stolen,

but he discovered that an arrest warrant had been issued for the owner. The dispatcher reported that there were no state records for a "Gary White" with the date of birth provided.

Officer Roy arrested the owner of the car. He then attempted to gain more information to identify the front-seat passenger. When none of the information provided by "White" could be used to verify his identity, Officer Roy detained him. As the officer led "White" back to the cruiser, "White" admitted that his real name was Gregory Kirksey, although he persisted in claiming a false date of birth. Officer Roy placed Mr. Kirksey in the cruiser and planned to detain him until his true identity could be ascertained. Officer Roy then searched the car incident to the owner's arrest and discovered a semiautomatic handgun and a magazine for that handgun stuck between the front seats. He arrested the driver and Mr. Kirksey, and took all three occupants to the police station. At the station, Mr. Kirksey was identified positively on the basis of fingerprints.

In denying Mr. Kirksey's suppression motion, the district court held that Officer Roy had reasonable suspicion to stop the car, *see Terry v. Ohio*, 392 U.S. 1, 20-22 (1968), and that his further investigation was reasonably related in time and scope to the circumstances justifying the stop. Mr. Kirksey then entered a conditional guilty plea. The district court sentenced him to 58 months' imprisonment.

## II

## DISCUSSION

On appeal, Mr. Kirksey renews his contention that what started as a legitimate traffic stop evolved into an unlawful

detention when Officer Roy checked the occupants' criminal histories. Mr. Kirksey submits that Officer Roy should have ceased his investigation after he confirmed that the VIN on the car matched the VIN on the temporary license plate because the smudged lettering on the plate was the sole justification for the stop. Thus, Mr. Kirksey concludes, the investigation that led to the discovery of the handgun was overly intrusive and unreasonable under *Terry*.

Mr. Kirksey relies on *United States v. McSwain*, 29 F.3d 558, 561-62 (10th Cir. 1994). In *McSwain*, an officer stopped a car on suspicion that its temporary license plate was expired. 29 F.3d at 561. Upon approaching the car, the officer was able to discern immediately that the plate was valid. *Id.* The Tenth Circuit reasoned that a *Terry* investigative detention must remain reasonably related in scope to the circumstances that justified the stop unless a new cause for reasonable suspicion arises. *Id.* The court concluded that, once it was known to the officer that the temporary plate was valid, the officer's additional questioning of the driver and investigation into his license and registration were beyond the scope of the *Terry* stop. *Id.* Mr. Kirksey contends that the facts of *McSwain* are analogous to his own situation.

We first note that the holding of *McSwain* is narrow. The Tenth Circuit has clarified that *McSwain* involved a situation where the suspicion justifying the stop was immediately dispelled and so there was no need for any additional investigation. *See United States v. Ledesma*, 447 F.3d 1307, 1313-14 (10th Cir. 2006); *United States v. Edgerton*, 438 F.3d 1043, 1051 (10th Cir. 2006); *United States v. DeGasso*, 369 F.3d 1139, 1149 (10th Cir. 2004). Indeed, after *McSwain* the Tenth Circuit has held that, when an officer discovers a traffic violation or when an occupant of the car remains

under suspicion for committing a crime, the officer can take a reasonable amount of time to check for outstanding warrants or criminal history, even if the initial justification for the stop had nothing to do with criminal history. *United States v. Villagrana-Flores*, 467 F.3d 1269, 1275-77 (10th Cir. 2006), *cert. denied*, 75 U.S.L.W. 3353 (U.S. Jan. 8, 2007) (No. 06-8106) (holding that the need to protect an investigating officer outweighs the intrusion for a brief check for criminal history); *United States v. Holt*, 264 F.3d 1215, 1221-22 (10th Cir. 2001).

We have not held that criminal history checks always are permissible during a *Terry* stop of a vehicle. However, like our colleagues in the Tenth Circuit, we have distinguished *McSwain* from situations in which the officer's reasonable suspicion is not immediately dispelled. In *United States v. Dumas*, 94 F.3d 286, 288 (7th Cir. 1996), an officer conducted a *Terry* stop of a car that did not have a plainly visible temporary license plate. The officer conducted a criminal history check after closer inspection revealed only that a piece of cardboard that may have been a temporary plate was obscured by the car's tinted rear window and was unreadable. *Id.* at 290-91. We concluded that the officer in *Dumas* was justified in checking the license, registration and criminal history of the driver and of the passenger because he did so as part of a further investigation that was necessary to ascertain the validity of the plate. *Id.* We determined that this circumstance was different from *McSwain* because the reasonable suspicion of a violation remained. *Id.*

As in *Dumas*, Officer Roy's stop and ensuing detention of the car and its occupants were supported at each point by reasonable suspicion. As Mr. Kirksey concedes, Officer Roy lawfully stopped the car based on a reasonable suspicion that the smudged temporary plate might have

been altered to disguise a stolen car. That suspicion applied equally to every occupant. *See United States v. Hendricks*, 319 F.3d 993, 1002-04 (7th Cir. 2003); *United States v. Davis*, 200 F.3d 1053, 1054-55 (7th Cir. 2000); *see also United States v. Morrison*, 254 F.3d 679, 682 (7th Cir. 2001) (finding reasonable suspicion to stop all occupants of car when anyone in car might have been involved in robbery); *United States v. Tirrell*, 120 F.3d 670, 674-75 (7th Cir. 1997) (same). When Officer Roy examined the car and found that the VIN on the car matched the VIN on the temporary plate, his investigation was not yet complete. The smudged plate still suggested that it may have been altered, and therefore the matching VINs did not dispel the suspicion that the car was stolen. Officer Roy still needed to check the car's registration and gain an understanding of who was in the car to determine whether it was stolen. Officer Roy conducted the background checks as part of an investigation necessary to dispel his lingering suspicion for stopping the car, and thus this activity was within the scope of the stop.

## Conclusion

For the reasons stated above, the decision of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*

USCA-02-C-0072—5-10-07